SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BROOME DEVELOPERS, LLC and<br>THE RINALDI GROUP OF NEW YORK, LLC<br><br>               Plaintiffs,<br>   -against-<br><br>COLONY INSURANCE COMPANY<br><br>               Defendant. | Index No.: _____<br><br>**COMPLAINT**<br><br>August 26, 2025 |

NOW COMES Plaintiffs, Broome Developers, LLC ("Broome Developers") and The Rinaldi Group of New York, LLC ("Rinaldi") by and through its attorneys, Saxe Doernberger & Vita P.C., and for its Complaint against Defendant Colony Insurance Company ("Colony") alleges as follows:

### THE PARTIES

1.  Plaintiff, Broome Developers, is a limited liability company organized and formed under the laws of the State of New York and with a principal place of business located at 680 Central Avenue, Suite 115, Cedarhurst, New York 11516.

2.  Plaintiff, Rinaldi, is a limited liability company organized and formed under the laws of the State of New York and with a principal place of business located at Gateway Plaza, One Harmon Meadow Blvd – 3rd Floor, Secaucus, New Jersey 07094.

3.  Upon information and belief, Defendant, Colony, is a foreign business corporation organized and formed under the laws of the State of Rhode Island and authorized to conduct business in the State of New York, with a principal place of business located at 8720 Stony Point Parkway, Suite 400, Richmond, Virginia 23235.

4. At all times hereinafter mentioned, Colony was transacting business in the State of New York by issuing an insurance policy to Broome Developers, the owner of a project located at 327 Broome Street, New York, New York 10002.

5. Broome Developers is in the process of constructing a five-story condominium building at 327 Broome Street (the "Project").

## FACTUAL ALLEGATIONS

A. The Contracts

6. On or around January 1, 2024, Broome Developers retained Rinaldi to act as construction manager on the Project.

7. On August 29, 2024, NYC Special Contractors Inc. ("NYC Special") contracted with Rinaldi to perform excavation, foundation, support of excavation, and superstructure work at the Project.

8. As part of its scope of work, NYC Special had permission to access the property at 325 Broome Street (the "Adjacent Property"). See **Exhibit A**, Access Agreement.

9. On November 6, 2024 (the "Date of Loss"), NYC Special was performing underpinning work on the Adjacent Property and uncovered an old wall on the Adjacent Property that was not grouted, and thus weak.

10. During NYC Special's work, the ungrouted wall abruptly shifted, and the Adjacent Property suffered property damage as a result.

11. The New York City Department of Buildings ("DOB") issued a stop work order on the Project that remained in place until June 7, 2025, the date on which the DOB issued an associated Rescission Order. See **Exhibit B** and **Exhibit C**.

12. Since the Date of Loss, Broome Developers and Rinaldi have incurred significant direct costs because of property damage to the Adjacent Property, including the cost to perform substantial repairs to the Adjacent Property.

13. Repair work to the Adjacent Property has been completed, and the Project resumed as of June 7, 2025.

14. Since the Date of Loss, Broome Developers and Rinaldi (hereinafter, collectively, "Broome") have incurred and continue to incur significant indirect costs and consequential damage because of the property damage to the Adjacent Property. Such damages include, but are not limited to, increased interest and Project financing costs, and lost profits.

**B. The Policy**

15. Broome purchased a commercial general liability policy from Colony, bearing policy number 600 GL 02171338-00, effective from August 30, 2024, through August 30, 2027, to insure the Project (the "Policy"). The Policy provides limits of $2 million/occurrence and $4 million/aggregate. A copy of the Policy is attached hereto as **Exhibit D**.

15. At all relevant times, the Policy was in full force and effect.

16. The Policy covers "those sums the insured becomes legally obligated to pay as damages because of … [covered] 'property damage.'" The Policy further states that Colony will have the "duty to defend the insured against any 'suit' seeking those damages." See id. at Form CG 00 01 04 13, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability.

17. The Policy defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property." Id. at Form CG 00 01 04 13, Section V – Definitions, (17).

18. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. at Form CG 00 01 04 13, Section V – Definitions, (13).

C. **Colony's Wrongful Denial of Coverage**

19. Broome timely tendered a claim for coverage in connection with the property damage at the Project on November 15, 2024 (the "Claim").

20. Colony acknowledged the Claim and sent multiple demands for additional information related to the Claim.

21. Broome timely responded to all requests for information and submitted ample documentation to Colony.

22. Despite owing Broome coverage for the Claim and a duty to defend and indemnify it in connection with the Claim, Colony has wrongfully failed to provide coverage to Broome.

23. On March 26, 2024, Colony wrote to Broome, requesting more information about portions of the Claim and stating that several categories of damages "would not be considered property damage" and would therefore not be covered. Notably, this is a blatant mischaracterization of the Policy, which covers "those sums that the insured becomes legally obligated to pay as damages *because of* property damage." Colony's March 26, 2024, letter is attached hereto as **Exhibit E**.

24. On April 1, 2025, Broome[1] wrote back to Colony, clarifying that the Policy covers damages incurred *because of* property damage, and that Broome's entire Claim was incurred because of property damage.

---

[1] Broome's insurance broker, Woodruff Sawyer, corresponded with Colony on Broome's behalf.

25. On April 25, 2025, Colony's coverage counsel wrote to Broome, stating again that the claimed damages were not incurred "because of" property damage, and erroneously stated that "it has been asserted that" the Claim may have been caused by "allegedly improper or deficient drawings."

26. On June 6, 2025, Broome wrote to Colony and methodically responded to each of Colony's baseless reasons for denying coverage. Broome also provided a detailed breakdown of its claimed damages.

27. On June 20, 2025, Colony's counsel wrote to Broome, reiterating the same position that portions of the Claim were not "damages because of … property damage," and therefore not covered by the Policy.

28. Broome was forced to retain counsel to respond to Colony's erroneous coverage position and enforce its right to coverage for the Claim under the Policy.

29. As of the date of this Complaint, Colony has refused, and thus failed, to satisfy its contractual duties to provide coverage to Broome under the Policy.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

30. Plaintiffs re-allege and incorporate by reference herein all previous allegations, as set forth above.

31. Pursuant to the Policy, Colony promised to pay those sums that Broome becomes legally obligated to pay as damages because of property damage caused by an occurrence during the Policy period.

32. Pursuant to the Policy, Colony promised to defend Broome from any suit alleging an occurrence during the Policy period.

33. Broome demanded that Colony provide coverage for the Claim under the Policy.

-5-

34. To date, Colony has refused and otherwise failed to provide coverage for the damages Broome has incurred as a result of the Claim.

35. Colony's failure to provide coverage constitutes a breach of the Policy.

36. As a consequence of Colony's breach, Broome has been, and continues to be, damaged.

## SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

37. Plaintiffs re-allege and incorporate by reference herein all previous allegations, as set forth above.

38. Pursuant to the terms of the Policy, Colony is obligated to defend and indemnify Broome in connection with the Claim.

39. An actual cause and justiciable controversy exists regarding Colony's obligations under the Policy pertaining to defense, reimbursement of past defense costs, and/or indemnification of Broome in connection with the Claim, and a declaratory judgment, pursuant to N.Y. C.P.L.R. § 3001 and New York Insurance Law § 3420, is necessary and appropriate to determine the rights and duties of Broome and Colony pursuant to the Policy.

40. Broome has a legal interest that is in danger of loss due to Colony's wrongful denial of coverage.

41. Broome is entitled to obtain a declaration of its rights, status, and interests arising under the Policy.

42. There is no other adequate remedy at law that can provide Broome with immediate redress. Even if there is, Broome should be permitted to proceed with its declaratory judgment claim despite the existence of such alternate procedure.

## PRAYER FOR RELIEF

WHEREFORE, Broome prays for judgment against Colony as follows:

1. A declaration that Colony is obligated under the terms of the Policy to defend and indemnify Broome in connection with the Claim

2. A judgment entered against Colony awarding damages to Broome in a sum equal to the direct costs incurred by Broome to date, and any additional direct costs Broome incurs in the future in connection with the Claim;

3. A judgment entered against Colony awarding damages to Broome under the Policy in an amount equal to the indirect and consequential loss incurred by Broome to date, and any additional indirect or consequential loss Broome incurs in the future in connection with the Claim, including, but not limited to, increased interest, fees and Project finance costs, and lost profits on the Project.

4. Attorneys' fees;

5. Interest; and

6. Any such further relief as this Court may deem just and proper.

## JURY DEMAND

Broome demands a trial by jury on all issues so triable.

Dated: August 26, 2025

        Respectfully submitted,

        PLAINTIFFS,
        BROOME DEVELOPERS, LLC & THE RINALDI
        GROUP OF NEW YORK, LLC

        By: /s/ Richard W. Brown
        Richard W. Brown
        N.Y. Bar No. 4665576

-7-

SAXE DOERNBERGER & VITA, P.C.
136 Madison Ave., 5th Floor
New York, NY 10016
Telephone: (203) 287-2100
Email: RBrown@sdvlaw.com
*Attorneys for Plaintiffs*

-8-